**Wallace BREWER, Petitioner**

v.

**WORKERS' COMPENSATION AP-PEAL BOARD (E2 Payroll & Staffing Solutions), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 20, 2012.

Decided Feb. 13, 2013.

Publication Ordered April 12, 2013.

Larry Pitt, Philadelphia, for petitioner.

Andrew E. Dremann, Blue Bell, for respondent E2 Payroll & Staffing Solutions.

BEFORE: PELLEGRINI, President Judge, and LEAVITT, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge LEAVITT.

Wallace Brewer (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) granting his claim petition, in part, and suspending benefits as of the date of his work injury. The Board agreed with the Workers' Compensation Judge (WCJ) that Claimant established a work-related injury, but it held that Claimant failed to prove a disability from that work injury because he was fired for failing a drug test. Claimant contends the evidence does not establish that he failed the drug test and that his discharge is not dispositive of his loss of earnings or his ability to return to a sedentary work position. In any case, his benefits should not have been suspended because he never received a notice of ability to return to work. For the reasons that follow, we affirm.

Claimant worked at Prostar Packaging for EZ Payroll & Staffing Solutions (Em-

ployer)[1] as a packer. On May 1, 2009, Claimant was injured when a coworker driving a forklift pushed a pallet into Claimant, pinning his back against a conveyor belt. On May 7, 2009, Claimant filed a claim petition alleging that he sustained a lower back work injury. Employer filed a timely answer denying the allegations. Thereafter, Employer filed a notice of compensation denial stating that Claimant suffered a work-related lumbar sprain but it did not result in a disability. A hearing was scheduled before the WCJ.

Claimant testified that his job required him to load and unload skids, break down boxes, and frequently bend and lift items up to 35 pounds. His lower back was injured at work when he was pushed into a conveyor belt by a forklift. He yelled for help, and his coworkers freed him after five or ten seconds. He was taken to Employer's medical facility, Careplex, where he was treated. From there, he was taken to the emergency room at Pottstown Memorial Hospital for further testing.

Claimant told the doctor at Careplex that he was experiencing pain in his stomach, back and neck. The doctor ordered a drug test, in accordance with Employer's policy. At the emergency room, Claimant was given pain medication and instructions to ice his back. The doctor he saw at Careplex restricted Claimant from working for ten days and told him not to lift anything over five pounds. Claimant was also treated at a pain management center by Robert Cavoto, Jr., D.C. Claimant testified that these treatments have had little effect in alleviating his lower back pain and numbness in his left leg and foot. He feels he is unable to return to any physi-

cally demanding job, including his packer job.

Claimant confirmed his receipt of Employer's substance abuse policy and that he had taken a drug test at Careplex. Claimant received a letter from Employer notifying him that he was discharged from employment for failing the drug test. He testified that he "wouldn't dispute that [the drug test] was positive." Notes of Testimony, September 9, 2009, at 41 (N.T., 9/9/09, ___). Claimant admitted to using cocaine and marijuana a few days prior to the incident at work.

Dr. Cavoto testified by deposition on behalf of Claimant. Dr. Cavoto saw Claimant a few days after the accident and has directed his course of treatment since then. Claimant presented complaints of low back pain, leg pain and neck pain. Dr. Cavoto diagnosed Claimant with radiculopathy, lower back herniated discs, and cervical bulging discs. He opined that Claimant's work injury has rendered him unable to return to work.

Jody Adams, Employer's branch manager and Claimant's supervisor, testified on Employer's behalf. Adams testified that she was present on the day Claimant was injured but did not personally see the accident occur. She heard Claimant scream and immediately went to see what happened. She drove him to Careplex and thereafter to the emergency room. On the drive, Claimant asked Adams if he was going to be fired because he believed his drug test would be positive. Adams told him that they would deal with it later. Adams then took Claimant to the emergency room. Later that day, Claimant called Adams and stated that he would send Adams the paperwork from the

1. The docket in this case captions Employer as "E2 Payroll & Staffing Solutions." The correct name of Employer is "EZ Payroll & Staffing Solutions." Employer stipulated to the employment relationship with Claimant.

emergency room and Careplex regarding his diagnosis and work restrictions.

Adams testified that Employer has a zero-tolerance drug policy. All employees are given an employee handbook when hired, and they are required to sign an acknowledgement of the drug testing and substance abuse policy. Every employee involved in a workplace accident is required to submit to a drug test. If the drug test is positive, the employee is immediately discharged without exception.

Careplex sent Adams notice that Claimant's drug test was positive. Adams sent a letter to Claimant notifying him that he was discharged from employment because of the positive drug test. The discharge letter did not include a copy of the drug test results. Claimant did not have any contact with Adams after the day of the accident.

Adams testified that Employer has work available for employees who have work restrictions, including light-duty work. If Claimant had not been discharged for violating the drug policy, there would have been a position open for him within his work restrictions.

Ira C. Sachs, D.O., a board-certified orthopedic surgeon, testified on behalf of Employer. Dr. Sachs evaluated Claimant five months after the accident. Based on his review of Claimant's medical records and a physical examination, Dr. Sachs diagnosed Claimant with a lower back disc herniation with radiculopathy, from which Claimant had not fully recovered. Dr. Sachs testified that Claimant could perform sedentary work so long as he could change positions, get up and stretch as needed.

The WCJ granted the claim petition in part. He found that Claimant had suffered a work injury, but it was not a compensable disability because he was discharged for cause. Accordingly, he suspended benefits as of the day of Claimant's discharge.

Claimant appealed to the Board, arguing that it was error for the WCJ to suspend benefits when Claimant never received a notice of ability to return to work as required by Section 306(b)(3) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 512(3). Claimant also argued that the WCJ improperly relied on uncorroborated hearsay in finding that Claimant was discharged for failing a drug test. The Board affirmed the WCJ.

■ On appeal,[2] Claimant presents four issues for this Court's review. First, Claimant argues that the Board erred in suspending benefits because Employer did not issue a notice of ability to return to work. Second, Claimant argues that his post-injury discharge is not dispositive of his loss of earnings. Third, Claimant contends that his discharge for failing a drug test is not supported by substantial evidence. Fourth, Claimant contends his ability to return to sedentary work as of the date of his injury is not supported by substantial evidence.

■ In his first issue, Claimant argues that benefits cannot be suspended because Employer did not issue a notice of ability to return to work as required by the Act. The issuance of a notice of ability to return to work is a threshold burden that must be

---

**2.** This Court's review of an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *City of Philadelphia v. Workers' Compensation Appeal Board (Brown),* 830 A.2d 649, 653 n. 2 (Pa.Cmwlth.2003).

met by the employer before benefits can be suspended or modified. Since it is conceded that Claimant suffered a work-related injury that rendered him unable to perform his pre-injury job and that no notice of ability to return to work was issued, Claimant is entitled benefits. Further, the cases relied upon by the WCJ are inapplicable because they do not address Section 306(b)(3) of the Act, which requires an employer to issue a notice of ability to return to work.

Employer responds that Claimant has conflated his burden of establishing a disability with the Employer's burden in a modification or suspension proceeding. Claimant is required to prove an injury in the course and scope of employment and the extent of the disability. Claimant did not establish an ongoing disability because he was discharged for failing a drug test; thus, his loss of earnings is due to discharge, not injury. A notice of ability to return to work is not required in this situation.

■ Section 306(b)(3) of the Act provides as follows:

If the insurer receives medical evidence that the claimant is able to return to work in any capacity, then the insurer must provide prompt written notice, on a form prescribed by the department, to the claimant, which states all of the following:

(i) The nature of the employe's physical condition or change of condition.

(ii) That the employe has an obligation to look for available employment.

(iii) That proof of available employment opportunities may jeopardize the employe's right to receipt of ongoing benefits.

(iv) That the employe has the right to consult with an attorney in order to obtain evidence to challenge the insurer's contentions.

77 P.S. § 512(3). Compliance with Section 306(b)(3) is a "threshold burden an employer must satisfy to obtain a modification or suspension of a claimant's benefits." *Allegis Group (Onsite) v. Workers' Compensation Appeal Board (Henry)*, 882 A.2d 1, 4 (Pa.Cmwlth.2005). However, "Section 306(b)(3) is expressly limited to modifications sought upon the receipt of medical evidence." *Burrell v. Workers' Compensation Appeal Board (Philadelphia Gas Works and Compservices, Inc.)*, 849 A.2d 1282, 1286 (Pa.Cmwlth.2004).

Here, the WCJ found that although Claimant had suffered a work-related injury, his loss of earnings was caused by his misconduct, not his injury. A notice of ability to return to work was not required because Section 306(b)(3) of the Act is limited to modifications based on medical evidence received by the employer. The Board did not err in suspending benefits as of the day of Claimant's work injury.

■ In his second issue, Claimant argues that the WCJ erred in finding that Claimant's post-injury discharge was dispositive of his loss of earnings. The WCJ accepted Claimant's testimony about his injury, noting that it was corroborated by Adams, Dr. Cavoto and Dr. Sachs. Claimant argues that the WCJ's determination that Claimant's post-injury discharge was dispositive of his loss of earnings is contrary to the Supreme Court's holding in *Vista International Hotel v. Workmen's Compensation Appeal Board (Daniels)*, 560 Pa. 12, 742 A.2d 649 (1999). Relying on *Vista*, Claimant argues that he was entitled to disability benefits because his work injury rendered him unable to work and Employer never proved he was capable of working.

Employer responds that Claimant's disability was not caused by his work injury but, rather, by his discharge for cause. In any case, Employer demonstrated available work within Claimant's limitations.

██ A claimant seeking disability benefits must prove that he has suffered a disability caused by a work-related injury. *BJ's Wholesale Club v. Workers' Compensation Appeal Board (Pearson)*, 43 A.3d 559, 562 (Pa.Cmwlth.2012). The claimant must show not only physical impairment, but also a loss of earning power. *Id.* A "disability" means a loss of earning power, not a physical disability caused by a work injury. *Bissland v. Workmen's Compensation Appeal Board (Boyertown Auto Body Works)*, 162 Pa.Cmwlth. 348, 638 A.2d 493, 495 (1994). If the claimant's loss of earnings is the result of the work injury, he is entitled to disability benefits; if not, benefits must be suspended. *Edwards v. Workers' Compensation Appeal Board (Sear's Logistic Services)*, 770 A.2d 805, 808 (Pa.Cmwlth.2001).

██ Claimant's loss of earnings resulted from his discharge for cause. A violation of an employer's substance abuse policy constitutes cause. *BJ's Wholesale Club*, 43 A.3d at 563. The WCJ found that Claimant was discharged for failing the drug test and that his disability was the result of his discharge for cause. Therefore, the WCJ did not error in denying benefits.

In his third issue, Claimant argues that substantial evidence does not support the finding that he failed Employer's drug test. Adams did not have first-hand knowledge of whether Claimant's drug screen revealed evidence of illicit drugs, and she did not testify as to the chain of custody of the drug test. Her report of what Claimant told her was hearsay. The drug test results were not entered into evidence and Claimant's testimony that he used drugs three days prior to the test is not competent to corroborate the drug test report.

Employer responds that substantial evidence supports the finding that Claimant failed the drug test. Claimant's own testimony corroborated the drug test result as did Adams' testimony. Claimant testified that he used drugs three days prior to the drug test and that he could not dispute a positive drug test result. Adams testified that right after the accident Claimant admitted to using drugs and predicted that he would fail the drug test. Further, Claimant's hearsay objection to Adams' testimony was waived because no objection was raised at the hearing. In any case, a party admission is an exception to the hearsay rule.

██ Substantial evidence is such evidence that a reasonable mind might accept as adequate to support a conclusion. *Peak v. Unemployment Compensation Board of Review*, 509 Pa. 267, 275, 501 A.2d 1383, 1387 (1985). In performing a substantial evidence analysis, this Court views the evidence in a light most favorable to the party who prevailed before the factfinder. *Birmingham Fire Insurance Company v. Workmen's Compensation Appeal Board (Kennedy)*, 657 A.2d 96, 98 (Pa.Cmwlth.1995). The WCJ, as factfinder, has sole discretion to assess credibility and to resolve conflicts in the evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 292–93, 612 A.2d 434, 437 (1992). Additionally, failure to raise an issue before the factfinder or the Board waives the issue on appellate review. *Williams v. Workmen's Compensation Appeal Board (Montgomery Ward)*, 127 Pa. Cmwlth. 587, 562 A.2d 437, 440 (1989).

██ The WCJ credited Adams' testimony that Claimant told her that his drug test would be positive while they were

driving to the emergency room on the day of the accident. Adams also testified that Employer's medical facility sent her a report that Claimant's drug test had been positive. Claimant testified that he had used drugs "three days ... before the accident" and that he "wouldn't dispute that [the drug test] was positive." N.T., 9/9/09, at 51, 41. This credited testimony constitutes substantial evidence to support the WCJ's finding that Claimant's drug test was positive.

 In his final issue, Claimant argues that substantial evidence does not support the WCJ's conclusion that Claimant was able to return to sedentary work as of the date of his injury. Employer's witness, Dr. Sachs, examined Claimant five months after the incident and cleared him to sedentary work only as of the date of examination. Further, Dr. Sachs testified that Claimant's use of Percocet and muscle relaxers would have impacted his ability to work within the first month of being prescribed. Adams testified that modified or light-duty work would have been available to Claimant, but she did not identify any jobs that were suitable for Claimant's physical restrictions.

Employer argues that Claimant has waived his ability to challenge the effective date of the suspension because it was not raised before the Board. Even so, the evidence credited by the WCJ shows that Claimant was able to return to sedentary work as of the date of his injury and that Employer had modified-duty work available. The WCJ specifically rejected Claimant's and Dr. Cavoto's opinion that Claimant was totally disabled at any point.

Failure to raise an issue before the Board results in waiver of the issue upon this Court's review. PA. R.A.P. 1551; *Williams*, 562 A.2d at 440. Claimant did not challenge the date that the WCJ found Claimant able to return to sedentary work

in his appeal to the Board. Thus, the issue is waived.

For the above stated reasons, the order of the Board is affirmed.

### ORDER

AND NOW, this 13th day of February, 2013, the order of the Workers' Compensation Appeal Board dated February 3, 2012, in the above-captioned matter is hereby AFFIRMED.

