# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

GGNSC Administrative           :
Services, LLC,                   :
              Petitioner       :
                            :
        v.                   :   No. 1998 C.D. 2015
                            :   Submitted: May 13, 2016
Workers' Compensation       :
Appeal Board (Patrice),         :
            Respondent   :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**               **FILED: August 12, 2016**

        GGNSC Administrative Services, LLC (Employer) petitions for review from an order of the Workers' Compensation Appeal Board (Board) that affirmed an order of a Workers' Compensation Judge (WCJ) on remand denying its modification petition and granting the review petition filed by Petronilia Patrice (Claimant). Employer argues the WCJ on remand erred in expanding the injury description to add injuries not pled in the review petition. It further contends the WCJ's decision to deny modification was not supported by substantial evidence. Employer also challenges Claimant's initial appeal as insufficiently specific, and it asserts the initial Board order disregarded the WCJ's credibility determinations. Upon review, we affirm.

## I. Background

        Claimant worked for Employer as a certified nursing assistant until she sustained a neck injury in March 2004, while lifting a patient. Immediately

after the injury, Claimant briefly returned to work for Employer in a light duty capacity, until she was unable to continue. She has not worked since.

The parties stipulated to the description of the injury as herniated discs at C3-4 and C4-5. WCJ Mark Peleak (WCJ Peleak) approved the stipulated injury in a 2005 decision in which he granted indemnity benefits at the rate of $345.00 per week. In 2008, Claimant underwent surgery in the form of a fusion and discectomy to the C5-C6 discs. Currently, she takes Vicodin for pain relief.

In November 2009, Employer filed a modification petition based on the most recent independent medical examination (IME) and a labor market survey (LMS) (Modification Petition). The LMS[1] alleged Claimant had an earning capacity of $360.00 to $400.00 per week.

Shortly thereafter, Claimant filed a review petition seeking to expand the work injury description to include injuries to the C5-6 discs (Review Petition). The Review Petition was based on the opinion of her treating physician of several years, David Sedor, M.D., a board certified neurosurgeon (Treating Physician).

## A. Initial Proceedings (WCJ Peleak)

WCJ Peleak held hearings on the petitions. In support of her Review Petition, and in opposition to the Modification Petition, Claimant testified on her own behalf. She also submitted the deposition testimony of Treating Physician.

---

[1] As the LMS is not at issue in this appeal, we need not discuss its contents.

Claimant testified she continues to suffer pain in her neck that causes headaches. She also experiences numbness and loses feeling in her arms. She testified she is unable to remain in a seated or standing position for long and her pain medication makes her drowsy and unable to focus.

Treating Physician, who has treated Claimant for her neck since 2004, reviewed Claimant's treatment history. He advised she began treating with physical therapy, and moved on to injections. He noted that while the C5-6 surgery healed well, Claimant continued to experience pain radiating down her right arm, requiring an increase in her pain medication from Vicodin to Percocet. He diagnosed degenerative changes in her neck as traumatic arthritis, causing a failure in the C5-6 level, and straining her other discs. Relevantly, he opined the C5-6 disc "failed most significantly" following the work injury. Reproduced Record (R.R.) at 25a. He opined Claimant also suffered headaches, neck pain, mid-back pain and right arm pain resulting from her work injury. He also opined Claimant is unable to engage in any type of employment, even sedentary work, without a substantial chance of worsening the condition of her spine.

Employer presented the deposition testimony of V. Benjamin Nakkache, M.D., a board certified neurosurgeon (Employer's Expert), who performed the most recent IME in June 2009. He examined Claimant on two prior occasions. He also reviewed X-rays, an MRI and a CT scan of her cervical spine. On physical examination, Employer's Expert did not find any weakness or sensory loss in her neck; however, Claimant experienced pain in the flexion of her neck. He opined Claimant had a pre-existing degenerative condition in her neck that was aggravated

3

by the work injury. He further opined Claimant could return to work in a light duty capacity. WCJ's Op., 5/31/11, Finding of Fact (F.F.) No. 7.

In his decision and order, WCJ Peleak granted both petitions (Initial Decision). As to the Review Petition, WCJ Peleak found Treating Physician "most credible as to the cause and need for the surgery that [Claimant] underwent for the C5-6 disc." Id., F.F. No. 14. Therefore, he granted the Review Petition "to include C5-6 disc and any medical treatment attributed to that injury." F.F. No. 15. As to the Modification Petition, the WCJ found Employer proved Claimant was capable of performing light-duty work and credited the opinion of Employer's Expert over the opinion of Treating Physician in that regard.

Claimant appealed the Initial Decision to the Board, asserting "the [WCJ] committed an error of law in granting the Modification Petition and the Findings and Conclusions of Law were not supported by the evidence of the record and were not well-reasoned." R.R. at 29a. Employer requested that the Board dismiss Claimant's appeal for lack of specificity. However, Employer did not appeal the Initial Decision as to the grant of Claimant's Review Petition.

The Board declined to dismiss Claimant's appeal, concluding it met the standard articulated in 34 Pa. Code §111.11(a)(2) (relating to specificity). Regarding the merits, the Board remanded to the WCJ to consider including all the diagnoses supported by Treating Physician's opinion in the work injury description and to reconsider the Modification Petition based on the expanded injury. Bd. Op., 10/30/13 at 7 (Remand Order). The Board explained the Initial Decision did not

4

contain any findings as to all the diagnoses Treating Physician attributed to the work injury, while crediting his testimony. The Board reasoned this oversight necessitated a remand to address "the exact nature of Claimant's injuries" as that would affect the WCJ's determination of the Modification Petition. Id. at 6.

### B. Remand Proceedings (WCJ Hemak)

On remand, the matters were reassigned to WCJ Brian Hemak (WCJ Hemak).[2] WCJ Hemak held a hearing in which he confirmed with the parties that the purpose of the remand was to reconsider Claimant's medical condition, and then re-decide the Modification Petition based on the decision regarding Claimant's medical condition. R.R. at 479a-80a (WCJ's Hr'g, Notes of Testimony (N.T.), 2/28/14, at 6-7). WCJ Hemak held the record open for another 30 days, during which the parties submitted briefs.

After briefing and based on the existing record, WCJ Hemak issued a decision in Claimant's favor. See WCJ's Op., 6/20/14 (Remand Decision). As to the Review Petition, he accepted the additional diagnoses of Treating Physician. As directed on remand, he reconsidered the Modification Petition, and he denied it. WCJ Hemak did not credit Employer's Expert. Significantly, he stated: "[his] testimony is confusing and internally contradictory, if not equivocal, and is given little weight by this [WCJ]." Id., F.F. No. 12. The WCJ credited Treating Physician's opinion that Claimant was not capable of working in any capacity. F.F. No. 13. The WCJ also credited Claimant's testimony. Based on Treating Physician's opinion as to Claimant's medical condition, which WCJ Peleak

---

[2] Because WCJ Peleak passed away, the matter was reassigned to WCJ Hemak.

5

credited, WCJ Hemak concluded the work was outside Claimant's abilities. Employer appealed.

Ultimately, the Board affirmed. Bd. Op., 9/16/15, at 9 (Final Order). It reasoned that the WCJ adequately explained his decision to credit Treating Physician over Employer's Expert. Thus, the WCJ's expansion of the injury was supported by the credible evidence. The Board rejected Employer's argument that it had no notice of the expansion of the work injury when both Claimant's and Treating Physician's testimony in 2010 placed Employer on notice. Employer filed a petition for review to this Court.

## II. Discussion

On appeal,[3] Employer challenges the Board's Remand Order, and its Final Order. As to the Remand Order,[4] Employer argues the Board ignored WCJ Peleak's credibility determinations that favored the opinion of Employer's Expert. Employer also contends Claimant's appeal of the Initial Decision lacked the requisite specificity, resulting in waiver; thus, the Board erred in ruling on additional diagnoses that were not properly before it. As to the Final Order, Employer asserts the Board erred in deeming Claimant's Review Petition a request to expand the injury description to include additional diagnoses beyond the C5-6

---

[3] Our review is limited to determining whether an error of law was committed, whether necessary findings of fact were supported by substantial evidence, and whether constitutional rights were violated. Dep't of Transp. v. Workers' Comp. Appeal Bd. (Clippinger), 38 A.3d 1037 (Pa. Cmwlth. 2011).

[4] The Remand Order was not appealable when the Board issued it because the remand required an exercise of discretion. Peterson v. Workers' Comp. Appeal Bd. (Wal Mart, CMI, Inc.), 938 A.2d 512 (Pa. Cmwlth. 2007).

6

injury pled. Employer also contends the Board erred in affirming WCJ Hemak's denial of its Modification Petition when the additional diagnoses did not add to Claimant's disability so as to prevent her from performing light-duty work.

### A. Initial Decision

### 1. Waiver

First, we consider Employer's specificity challenge to Claimant's appeal of the Initial Decision. Employer argues the Board should have dismissed Claimant's appeal because it did not comport with 34 Pa. Code §111.11(a). Had the Board dismissed the initial appeal, there would have been no basis for the remand that resulted in reversal of WCJ Peleak's decision in its favor.

The pertinent regulation governing appeals provides that an appeal "must contain ... a <u>statement of the particular grounds upon which the appeal is based</u>, including reference to the specific findings of fact which are challenged and the errors of law which are alleged." 34 Pa. Code §111.11(a)(2) (emphasis added). The regulation also provides, "[g]eneral allegations which do not specifically bring to the attention of the Board the issues decided are insufficient." <u>Id.</u>

The weight of authority supports dismissal of appeals that do not meet these specificity requirements. <u>See</u>, <u>e.g.</u>, <u>McGaffin v. Workers' Comp. Appeal Bd. (Manatron, Inc.)</u>, 903 A.2d 94 (Pa. Cmwlth. 2006) (dismissing claimant's appeal for failure to preserve issues pursuant to 34 Pa. Code §111.11); <u>Matticks v. Workers' Comp. Appeal Bd. (Thomas J. O'Hora Co., Inc.)</u>, 872 A.2d 196 (Pa. Cmwlth. 2005) (reversing Board to the extent it addressed issues employer briefed,

7

but did not set forth in its appeal, holding such issues were waived); J. Sheppard Stables v. Workers' Comp. Appeal Bd. (Wyatt), 739 A.2d 1084 (Pa. Cmwlth. 1999) (holding employer waived issues not specified in appeal documents). Simply listing the challenged findings and conclusions does not satisfy the regulation.[5] Matticks; J. Sheppard Stables.

Further, arguing issues in a brief to the Board "does not cure the failure to comply with 34 Pa. Code §111.11(a)." Matticks, 872 A.2d at 202. "[W]here a party raises an issue in its brief to the Board, but fails to address this issue in its appeal to the Board or otherwise raise this issue on the record before the Board, the party has waived the issue." Williams v. Workmen's Comp. Appeal Bd. (Green Constr. Co.), 687 A.2d 428, 431 (Pa. Cmwlth. 1997) (italics omitted). Moreover, arguing issues in a brief to the Board does not allow effective appellate review when the briefs are not part of the certified record on appeal. Steglik v. Workers' Comp. Appeal Bd. (Delta Gulf Corp.), 755 A.2d 69 (Pa. Cmwlth. 2000).

In her appeal, Claimant challenged all of WCJ Peleak's Findings of Fact and Conclusions of Law. As further explication of her appeal grounds, Claimant stated: "[WCJ Peleak] committed an error of law in granting the Modification Petition and the Findings and Conclusions of Law were not supported by the evidence of the record and were not well-reasoned." R.R. at 29a.

---

[5] But see Garnett v. Worker's Comp. Appeal Bd. (Equitable Gas Co.), 631 A.2d 705 (Pa. Cmwlth. 1993) (construing Section 111.11(a)(2); holding the Board did not err in hearing appeal that listed the challenged findings of fact and conclusions of law as the notice sufficiently stated the basis for appeal).

8

The Board reasoned Claimant's appeal was sufficiently specific because it was able to discern Claimant's arguments from her brief. See Bd. Op., 10/30/13, at 2-3. In so reasoning, the Board erred. McGaffin. However, we deem the appeal sufficiently specific on alternate grounds.

Here, Claimant preserved her claims that WCJ Peleak's findings were not supported by substantial evidence, and that his decision was not well-reasoned. Ultimately, she persuaded the Board that WCJ Peleak's decision was not well-reasoned because, without explanation, he did not account for the entirety of Treating Physician's opinion regarding her medical condition.

A decision is well-reasoned if it enables effective appellate review. Daniels v. Workers' Comp. Appeal Bd. (Tristate Transp.), 828 A.2d 1043 (Pa. 2003). Considering the record as a whole, the Board determined WCJ Peleak did not render sufficient findings to permit effective review. We agree.

The Board remanded for additional findings because WCJ Peleak credited Treating Physician's opinion regarding Claimant's medical condition and granted her Review Petition based on that opinion. Specifically, WCJ Peleak expanded the injury description "to include C5-6 disc and any medical treatment attributed to that injury." WCJ's Op., 5/31/11 at 4, F.F. No. 15. However, he simultaneously granted the Modification Petition without addressing the entirety of Claimant's medical condition as described by Treating Physician. Thus, WCJ Peleak did not account for this evidence.

9

That WCJ Peleak credited Treating Physician as to the expansion of Claimant's injury without making any findings regarding Claimant's symptomology as related to the expanded injury constituted a material omission necessitating a remand. Therefore, the Board did not err in accepting Claimant's appeal to the extent it alleged the Initial Decision was not well-reasoned.

## B. Interference with Credibility Determinations

Next, Employer asserts the Board erred because it disregarded WCJ Peleak's credibility determinations. As a consequence, it contends the remand was improper. We disagree.

Although the Board is bound by a WCJ's findings, it is not so bound when those findings are unsupported by substantial evidence. Lindermuth v. Workers' Comp. Appeal Bd. (Strishock Coal Co.), 134 A.3d 111, 125 (Pa. Cmwlth 2016) ("[t]he WCJ's evidentiary findings are not, however, immune from review."). Further, the Board may reject as not well-reasoned a decision that does not adequately explain the credibility determinations on which the decision is based. Daniels. This is particularly true when the witnesses did not testify live before the WCJ. Id.

From our review of the Remand Order and accompanying decision, the Board did not interfere with WCJ Peleak's credibility determinations. Indeed, the Board respected that WCJ Peleak credited Treating Physician's opinion as to Claimant's medical condition. Nevertheless, the Board remanded for *additional*

10

findings because it could not discern the WCJ's findings regarding the additional diagnoses to which Treating Physician opined.

Relevantly, the Board emphasized WCJ Peleak "neglected to render any finding whatsoever as to the relationship between [Treating Physician's] remaining diagnoses [radiculopathy, related headaches, disc herniations at C5-6 and C6-7, traumatic arthritis, and parascapular pain, which he related to her work injury] and Claimant's work injury." Id. at 6. That was despite WCJ Peleak's acceptance of Treating Physician's opinion regarding Claimant's medical condition.

The Board remanded because it was unable to reconcile WCJ Peleak's seemingly inconsistent decisions in expanding the injury description, and then granting the Modification Petition regarding Claimant's capacity to work. The remand enabled the WCJ, as fact-finder, to make additional findings regarding Treating Physician's additional diagnoses.[6]

In light of Employer's assertions, we assess the propriety of the remand. The remand directed the WCJ to consider whether the cervical

---

[6] We acknowledge there is some disagreement with the Board's terminology in that the Board characterized Treating Physician's testimony regarding radiculopathy and headaches as "additional diagnoses" whereas Employer asserts these conditions are "symptoms" of Claimant's neck injury. During the hearing on remand, Employer argued that "[t]he other conditions the Board mentions, radiculopathy, paired with spinal pain, they're symptoms which fall under the umbrella of the accepted neck injuries. It's analogous to accepting a carpal tunnel syndrome and then trying to add wrist injury." Reproduced Record at 481a; see also Pet'r's Br. at 16-17 ("the bulk of these diagnoses … are *symptoms* of the herniated discs and not true diagnoses in and of themselves.") (italics in original). We fail to discern how this characterization aids Employer's argument when such symptoms may be encompassed by the expanded injury description.

11

radiculopathy, headaches related to radiculopathy, disc herniations at C5-6 and C6-7, traumatic arthritis and para-scapular pain were all related to the work injury. Within the scope of the remand, WCJ Hemak rendered his own credibility determinations as to the medical experts' opinions. That is his proper role as fact-finder. As Employer recognized, the remand called for administrative discretion, implicating reconsideration of the evidence. Thus, WCJ Hemak did not exceed the scope of the remand.

We also reject as without merit Employer's contention that the Board disregarded WCJ Peleak's finding crediting Employer's Expert's opinion as to Claimant's capacity for light-duty work. To the contrary, the Board specifically declined to consider Claimant's argument that Employer's Expert's opinion did not account for all her medical conditions. See Bd. Op., 10/30/13 at 6 (stating "it would be premature for [it] to address this argument at this time").

In sum, in remanding to the WCJ for further findings, the Board did not interfere with WCJ Peleak's credibility determinations. Further, the Board acted within its authority when it remanded for additional findings when WCJ Peleak's decision did not permit effective appellate review.

### B. Remand Decision
### 1. Review Petition

As to the Remand Order, Employer argues the Board erred in allowing amendment of the injury description to include injuries not pled in the Review Petition. Employer asserts the failure to include the additional diagnoses

12

in the pleading resulted in lack of notice, precluding Employer from refuting the diagnoses before the record closed.

This Court holds that "the rules governing pleadings in workers' compensation cases … should be liberally construed." Brehm v. Workers' Comp. Appeal Bd. (Hygienic Sanitation Co.), 782 A.2d 1077, 1081 (Pa. Cmwlth. 2001). "[W]e have never required absolute and unreasonable strictness in pleadings in workers' compensation cases, and, if one party effectively puts the adverse party on notice as to the theory of relief which is sought, the WCJ will be authorized to grant the relief requested." Id. at 1081-82 (citations omitted).

As to the adequacy of notice when relief is not specifically pled, we hold that notice at any time during the proceeding is sufficient. See Krushauskas v. Workers' Comp. Appeal Bd. (Gen. Motors), 56 A.3d 64 (Pa. Cmwlth. 2012) (en banc), appeal denied, 63 A.3d 1250 (Pa. 2013). Important to our analysis is whether the party had an opportunity to cross-examine or contest the evidence. Id.; see also Miller v. Workers' Comp. Appeal Bd. (Prof'l Techs., Inc.) (Pa. Cmwlth., No. 408 C.D. 2014, filed November 10, 2014) (unreported), 2014 WL 10298877 (noting an expert's deposition testimony constitutes adequate notice).[7]

Here, Claimant placed Employer on notice as to the theory of relief before the record closed. More specifically, Claimant testified regarding the symptoms of her work injury at the hearing before WCJ Peleak in 2010. Further,

---

[7] Pursuant to Commonwealth Court Internal Operating Procedure 414, 210 Pa. Code §69.414, an unreported panel decision of this Court, issued after January 15, 2008, may be cited for its persuasive value.

13

Employer received notice of the additional diagnoses during Treating Physician's deposition in 2010. Accordingly, Employer had the opportunity to cross-examine witnesses regarding the expansion of the injury to conform to Treating Physician's opinion. Therefore, Employer had adequate notice regarding Claimant's additional diagnoses.

Further, it is undisputed that Claimant's Review Petition sought an expansion of her injury description to account for additional injuries. As a result, Employer was on notice that the scope of Claimant's injury was at issue.

In short, WCJ Hemak did not err in expanding the description of the injury to conform to Treating Physician's opinions. In fact, that was the Board's direction in the Remand Order, and the opinion by the expert credited by both fact-finders supported that decision. Thus, WCJ Hemak's expansion of the injury was supported by substantial evidence. Brewer v. Workers' Comp. Appeal Bd. (EZ Payroll & Staffing Sols.), 63 A.3d 843 (Pa. Cmwlth. 2013) (evidence must be viewed in a light most favorable to the prevailing party before the WCJ).

### 2. Modification Petition

Employer also contends, even with the expanded injury description, WCJ Hemak erred in denying the Modification Petition. Employer maintains it met its burden of proof. Employer also challenges the WCJ's finding that Employer's Expert did not consider all of Claimant's injuries and symptomology when he opined she was capable of light-duty work.

Section 413 of the Workers' Compensation Act[8] generally provides that a party seeking modification of benefits must demonstrate "that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased." 77 P.S. §772. "Pursuant to Section 413, when an employer seeks to modify a claimant's benefits by a reduction, suspension, or termination of such benefits, the employer must first come forward with medical evidence of a change in the claimant's physical condition that correspondingly establishes a change in the claimant's 'disability.'" Phoenixville Hosp. v. Workers' Comp. Appeal Bd. (Shoap), 81 A.3d 830, 841 (Pa. 2013). Further, although "a treating physician need not pre-approve each possible alternate position, some qualified witness must persuade the fact-finder that an injured worker can perform the work." Allied Prods. v. Workers' Comp. Appeal Bd. (Click), 823 A.2d 284 (Pa. Cmwlth. 2003). Employer failed to carry this burden here.

In particular, the only evidence Employer here submitted to support a change in Claimant's medical condition was Employer's Expert's opinion, which WCJ Hemak did not credit. Remand Decision, F.F. No. 12.

To that end, WCJ Hemak explained that he did not credit Employer's Expert because his testimony regarding the injury was confusing. Specifically, he did not accept the stipulated work injury as work-related. See R.R. at 316a. Rather, Employer's Expert opined, "[i]t would be a far stretch to give the work injury big influence on [the levels of C3-C4 and C4-C5]." Id. Accordingly, Employer's Expert's opinion was contrary to established facts. "Such expert

---

[8] Act of June 2, 1915, P.L. 736, as amended.

testimony … is valueless." Hawkins v. Workmen's Comp. Appeal Bd. (Med. Coll.), 587 A.2d 387, 390 (Pa. Cmwlth. 1991).

In addition, it is solely for the WCJ as fact-finder to assess credibility and resolve evidentiary conflicts. Waldameer Park, Inc. v. Workers' Comp. Appeal Bd. (Morrison), 819 A.2d 164 (Pa. Cmwlth. 2003). As such, the WCJ may reject the testimony of any witness, in whole or in part. Id. This principle applies equally to the testimony of medical experts. Griffiths. v. Workers' Comp. Appeal Bd., (Red Lobster), 760 A.2d 72 (Pa. Cmwlth. 2000). A single medical expert's testimony is a reasonable basis upon which a WCJ may base a finding of fact despite conflicting evidence. Bethenergy Mines, Inc. v. Workmen's Comp. Appeal Bd. (Skirpan), 572 A.2d 838 (Pa. Cmwlth. 1990), aff'd, 612 A.2d 434 (Pa. 1992).

The WCJ here denied Employer's Modification Petition based on his credibility determinations, which, when explained, are binding on appeal. Howrie v. Workers' Comp. Appeal Bd. (CMC Equip. Rental), 879 A.2d 820 (Pa. Cmwlth. 2005). Therefore, the Board did not err in affirming the WCJ's order as to the Modification Petition.

### III. Conclusion

For the foregoing reasons, we affirm the Board.

_____
ROBERT SIMPSON, Judge

16

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

GGNSC Administrative        :
Services, LLC,              :
               Petitioner    :
                       :
        v.              :    No. 1998 C.D. 2015
                       :
Workers' Compensation      :
Appeal Board (Patrice),       :
            Respondent    :

# **O R D E R**

**AND NOW**, this 12th day of August, 2016, the September 16, 2015 order of the Workers' Compensation Appeal Board is **AFFIRMED**.

 

_____
ROBERT SIMPSON, Judge